UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| STEPHEN D. LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-049-CLC-SKL |
| | ) | |
| CHIEF SHEPARD, CHIEF GARRETT, | ) | |
| CAPTAIN HARGIS, SERGEANT | ) | |
| QUALLS, CORPORAL BOOTH, | ) | |
| OFFICER CARSON, OFFICER | ) | |
| THOMAS, OFFICER KINKLEFUSS, | ) | |
| OFFICER CANTRET, SERGEANT | ) | |
| ROBERTSON, OFFICER WELLS, | ) | |
| OFFICER JOHNSON, OFFICER | ) | |
| GASSAWAY, SERGEANT HALL, | ) | |
| LIEUTENANT LOWRY, LIEUTENANT | ) | |
| KIBBLE, SILVERDALE DETENTION | ) | |
| CENTER – HAMILTON COUNTY JAIL, | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, QUALITY | ) | |
| CORRECTIONAL HEALTH CARE, | ) | |
| MEDICAL DIRECTOR CHEYENNE | ) | |
| HUX, NURSE ALFLINDA, JOHN DOE | ) | |
| X-RAY TECHNICIAN, JOHN DOE | ) | |
| NURSES, and MEDICAL DOCTOR | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

Plaintiff, a state prisoner, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of various incidents during his confinement [Doc. 1]. For the reasons below, Plaintiff will have thirty (30) days from the date of entry of this order to file an amended complaint.

**I.  SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss claims that are frivolous or malicious, fail to state a

claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. COMPLAINT ALLEGATIONS

Plaintiff claims that, after various Defendants placed him in general population despite his status as a maximum-security inmate, another inmate in the Hamilton County Silverdale Jail ("HCSJ") attacked him [Doc. 1 at 10]. Defendant Hall failed to intervene in this attack despite having the opportunity to do so, and the attack caused Plaintiff severe injuries [*Id.* at 10–11].

Plaintiff also asserts that various Defendants then (1) did not provide him medical care for his serious medical needs; (2) transferred him to a cell in a manner that was retaliatory; (3) transferred him to Bledsoe County Correctional Complex ("BCCX") and West Tennessee State Penitentiary ("WTSP") in a manner that was retaliatory; and (4) did not send his medical records to BCCX or WTSP [*Id.* at 11–17].

Plaintiff has sued a number of individual Defendants only in their official capacities [*Id.* at 1–2, 5–8]. Plaintiff also has sued the HCSJ, the Hamilton County Sheriff's Department, and Quality Correctional Healthcare [*Id.* at 2].

## III. ANALYSIS

First, while Plaintiff has named the HCSJ and the Hamilton County Sheriff's Offices as Defendants, they are not entities that may be sued under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. § 1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"). And Plaintiff's complaint does not suggest that any custom or policy of Hamilton County caused a violation of his constitutional rights, such that the complaint could state a plausible § 1983 claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Moreover, while Plaintiff also has sued Quality Correctional Healthcare, he likewise has not alleged any facts that allow the Court to plausibly infer that a custom or policy of this entity caused a violation of his constitutional rights. Thus, the complaint likewise fails to state a claim upon which relief may be granted under § 1983 as to this entity. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (holding that a private corporation acting under color of state law may not be liable under § 1983 for constitutional violations based upon a theory of *respondeat superior* but rather may be liable only where its custom or policy caused a constitutional violation) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992) (citing *Monell*, 436 U.S. at 691)).

Further, as Plaintiff has sued all individual Defendants only in their official capacities, his claims against these individuals are actually against these Defendants' employers. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (holding that claims against officials in their official capacity are effectively claims against the entity that employs them). However, as Plaintiff has failed to state a claim upon which relief may be granted under § 1983 as to those employers as set forth above, his claims against the individual Defendants in their official capacities likewise fail to state a claim upon which relief may be granted under § 1983.

Additionally, Plaintiff numbered the paragraphs in his complaint, and his paragraph 16 ends on page 12 in midsentence [*Id.* at 12]. But page 13 of the complaint begins in the middle of a different sentence, and the next numbered paragraph that follows that sentence is 22 [*Id.* at 12–13]. Thus, it appears that Plaintiff's complaint is missing a page.

Accordingly, Plaintiff shall have thirty (30) days from the date of entry of this order to file an amended complaint with a short and plain statement of facts setting forth each alleged violation of his constitutional rights in numbered paragraphs that list the individual(s) responsible for each claim.[1] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

---

[1] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

2. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

3. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace his previous complaint [Doc. 1];

4. Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**